# Exhibit A

**UNITED STATES OF AMERICA**
**Before the**
**COMMODITY FUTURES TRADING COMMISSION**

|  |  |
|---|---|
| In the Matter of: | ) |
|  | ) |
| **CODY MALOSI WILSON,** | ) |
|  | ) **CFTC Docket No. 21-13** |
| **Respondent.** | ) |
|  | ) |
|  | ) |

RECEIVED CFTC

Office of Proceedings
Proceedings Clerk
**9:06 am, Aug 26, 2021**

**ORDER INSTITUTING PROCEEDINGS PURSUANT TO**
**SECTION 6(c) AND (d) OF THE COMMODITY EXCHANGE ACT, MAKING**
**FINDINGS, AND IMPOSING REMEDIAL SANCTIONS**

## I. INTRODUCTION

The Commodity Futures Trading Commission ("Commission") has reason to believe that from approximately August 2015 to October 2018 ("Relevant Period"), Respondent Cody Malosi Wilson ("Wilson") violated Section 4m(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 6m(1) (2018), and Commission Regulation ("Regulation") 4.20 (a)-(c), 17 C.F.R. § 4.20(a)-(c) (2021). Therefore, the Commission deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted to determine whether Wilson engaged in the violations set forth herein and to determine whether any order should be issued imposing remedial sanctions.

In anticipation of the institution of an administrative proceeding, Wilson has submitted an Offer of Settlement ("Offer"), which the Commission has determined to accept. Without admitting or denying any of the findings or conclusions herein, Wilson consents to the entry of this Order Instituting Proceedings Pursuant to Section 6(c) and (d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions ("Order"), and acknowledges service of this Order.[1]

---

[1] Wilson consents to the use of the findings of fact and conclusions of law in this Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof. Wilson does not consent, however, to the use of this Order, or the findings or conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party or claimant, other than: a proceeding in bankruptcy or receivership; or a proceeding to enforce the terms of this Order. Wilson does not consent to the use of the Offer or this Order, or the findings or conclusions in this Order, by any other party in any other proceeding.

## II.  FINDINGS

The Commission finds the following:

**A.   SUMMARY**

During the Relevant Period, Wilson operated multiple commodity pools.  In connection with those pools, Wilson solicited or accepted funds from at least 15 individuals.  Wilson used pool participants' funds to trade off-exchange binary options through a foreign binary options trading platform.  Wilson has never been registered with the Commission and was not exempt from the requirement to register as a commodity pool operator ("CPO").  By and through these actions, Wilson violated Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018).

Wilson also failed to operate the commodity pools as legal entities separate from that of the operator, received pool funds in his own name, and engaged in prohibited commingling of pool funds.  By and through these actions, Wilson violated Regulation 4.20 (a)-(c), 17 C.F.R. § 4.20(a)-(c) (2021).

**B.   RESPONDENT**

**Cody Malosi Wilson** is an individual who resides in Idaho Falls, Idaho.

**C.   FACTS**

During the Relevant Period, Wilson operated commodity pools that he ran under various names, including Young Millionaires, Simple Wealth, and Simple Wallet.  Wilson did not operate these pools continuously, typically closing one before starting a new one, but during the periods when the pools were active, each pool had approximately 15 to 30 participants. Wilson used foreign trading platforms to trade on behalf of the pools and their participants.  He primarily traded binary options on foreign exchange currency pairs, although on occasion he engaged in retail foreign exchange transactions.

Wilson used the means or instrumentalities of interstate commerce in connection with his business as a CPO.  Wilson solicited prospective pool participants and ran the commodity pools through social media accounts and group chats that he created and controlled in the name of Young Millionaires, Simple Wealth, or Simple Wallet.  Wilson also collected funds from pool participants using payment processors, mobile payment services, social media, and checks; transferred money to and from foreign trading platforms using credit cards, electronic money transfers, and payment processors; and communicated with pool participants using social media, phone calls, and text messages.

Wilson instructed pool participants to transfer funds for pool investments to accounts in his own name, and pool participants actually did so.  These accounts included personal bank accounts in Wilson's name, accounts Wilson held at payment processing services and mobile payment services, and cryptocurrency wallets controlled by Wilson.  To the extent that Wilson transferred those funds to accounts at foreign trading platforms, those accounts were held in Wilson's own name.

### III.  LEGAL DISCUSSION

#### A.      Wilson Violated Section 4m(1) of the Act

Section 4m(l) of the Act, 7 U.S.C. § 6m(1) (2018), makes it unlawful for any CPO to use the mails or any instrumentality of interstate commerce in connection with the CPO's business, without being registered with the Commission, subject to certain exceptions and exemptions not relevant here.  Section 1a(11) of the Act, 7 U.S.C. § 1a(11) (2018), defines a CPO, in relevant part, as any person "engaged in a business that is of the nature of a commodity pool, investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds, securities, or property . . . for the purpose of trading in commodity interests, including any. . . swap."  Binary options on forex are swaps under Section 1a(47)(A) of the Act which defines a swap to include any "any agreement, contract, or transaction . . . that is a put, call, cap, floor, collar, or similar option of any kind that is for the purchase or sale, or based on the value, of 1 or more . . . currencies . . . ."  7 U.S.C. § 1a(47) (2018); *see also CFTC v. Scharf*, No. 3:17-cv-774-J-32MCR, 2019 WL 3139980, at *6 (M.D. Fla. Apr. 25, 2019) (default order) (holding that binary options are swaps); *CFTC v. Vault Options, Ltd.*, No. 1:16-CV-01881, 2016 WL 5339716, at *2, *6 (N.D. Ill. July 20, 2016) (default order) (holding that binary options are swaps).

As described above, during the Relevant Period Wilson acted as a CPO by soliciting and collecting funds for a pooled investment vehicle to trade off-exchange binary options on forex, and he did so using the means or instrumentalities of interstate commerce.  At any given point in time, each pool had approximately 15 to 30 participants.  Because Wilson engaged in this conduct without being registered with the Commission as a CPO, Wilson violated Section 4m(1) of the Act.

#### B.      Wilson Violated Regulation 4.20(a)(1)

Regulation 4.20(a)(1) provides that a "commodity pool operator must operate its pool as an entity cognizable as a legal entity separate from that of the pool operator." 17 C.F.R. § 4.20(a)(1) (2021).  Wilson incorporated a business entity called Young Millionaires, but did not take steps to operate the Young Millionaires pool as a separate entity beyond the mere incorporation of the business entity.  For instance, he did not open bank or trading accounts in Young Millionaires' name, and did not maintain separate corporate records.  Similarly, although Wilson eventually incorporated a business entity called Simple Wealth LLC, the creation of that entity occurred long after Wilson began operating a pool under the name of Simple Wealth, and Wilson did not take steps to operate the Simple Wealth pool as a separate entity beyond the mere incorporation of a business entity.  Wilson did not incorporate a business entity for Simple Wallet.  Accordingly, Wilson failed to operate each pool as a separate legal entity and thus violated Regulation 4.20(a)(1).

#### C.      Wilson Violated Regulation 4.20(b)

Regulation 4.20(b) provides that all funds received by the CPO from existing or prospective pool participants "must be received in the pool's name."  17 C.F.R. § 4.20(b) (2021).

As described above, Wilson received funds from existing or prospective pool participants via various accounts in his name.  Accordingly, Wilson violated Regulation 4.20(b).

**D.**   **Wilson Violated Regulation 4.20(c)**

Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2021), prohibits CPOs, whether registered or not, from commingling the property of any pool that it operates or intends to operate with the property of any other person.  During the Relevant Period, Wilson commingled pool property with his own property by (a) transferring funds from pool participants to personal bank accounts, where those funds were commingled with funds from Wilson's other business ventures and sources of income, and (b) transferring pool participants' funds to accounts in Wilson's name at foreign trading platforms, where those funds were commingled with Wilson's personal funds. Because Wilson commingled pool property with his own property, he violated Regulation 4.20(c).

## IV.  **FINDINGS OF VIOLATIONS**

Based on the foregoing, the Commission finds that, during the Relevant Period, Wilson violated Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018), and Regulation 4.20 (a)-(c), 17 C.F.R. § 4.20(a)-(c) (2021).

## V.  **OFFER OF SETTLEMENT**

Wilson has submitted the Offer in which he, without admitting or denying the findings and conclusions herein:

A.   Acknowledges service of this Order;

B.   Admits the jurisdiction of the Commission with respect to all matters set forth in this Order and for any action or proceeding brought or authorized by the Commission based on violation of or enforcement of this Order;

C.   Waives:

1.   The filing and service of a complaint and notice of hearing;

2.   A hearing;

3.   All post-hearing procedures;

4.   Judicial review by any court;

5.   Any and all objections to the participation by any member of the Commission's staff in the Commission's consideration of the Offer;

6.   Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2018), and 28 U.S.C. § 2412 (2018), and/or the rules promulgated

by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2021), relating to, or arising from, this proceeding;

7.     Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this proceeding; and

8.     Any claims of Double Jeopardy based on the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief, including this Order;

D.     Stipulates that the record basis on which this Order is entered shall consist solely of the findings contained in this Order to which Wilson has consented in the Offer; and

E.     Consents, solely on the basis of the Offer, to the Commission's entry of this Order that:

1.     Makes findings by the Commission that Wilson violated Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018), and Regulation 4.20 (a)-(c), 17 C.F.R. § 4.20(a)-(c) (2021);

2.     Orders Wilson to cease and desist from violating Section 4m(l) of the Act and Regulation 4.20(a)-(c);

3.     Orders Wilson to pay a civil monetary penalty in the amount of $150,000.00, plus post-judgment interest; and

4.     Orders Wilson and his successors and assigns to comply with the conditions and undertakings consented to in the Offer and as set forth in Part VI of this Order.

Upon consideration, the Commission has determined to accept the Offer.

## VI.  ORDER

**Accordingly, IT IS HEREBY ORDERED THAT**:

A.     Wilson and his successors and assigns shall cease and desist from violating Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018), and Regulation 4.20 (a)-(c), 17 C.F.R. § 4.20(a)-(c) (2021).

B.     Wilson shall pay a civil monetary penalty in the amount of one hundred fifty thousand dollars ($150,000.00) ("CMP Obligation") within ten (10) days of the date of the entry of this Order.  If the CMP Obligation is not paid in full within ten (10) days of the date of entry of this Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2018).

Wilson shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment is to be made by electronic funds transfer, Wilson shall contact Marie Thorne or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  Wilson shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Respondent and the name and docket number of this proceeding.  Wilson shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

C.    Wilson and his successors and assigns shall comply with the following conditions and undertakings set forth in the Offer:

1.    <u>Public Statements</u>:  Wilson agrees that neither he, nor any of his successors and assigns**,** agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any findings or conclusions in this Order or creating, or tending to create, the impression that this Order is without a factual basis; provided, however, that nothing in this provision shall affect Wilson's:  (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party.  Wilson and his successors and assigns shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement.

2.    <u>Partial Satisfaction</u>:  Wilson understands and agrees that any acceptance by the Commission of any partial payment of Wilson's CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

3.    <u>Change of Address/Phone</u>:  Until such time as Wilson satisfies in full his CMP Obligation as set forth in this Order, Wilson shall provide written notice to the

Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

**The provisions of this Order shall be effective as of this date.**

By the Commission.

Christopher J. Kirkpatrick
Secretary of the Commission
Commodity Futures Trading Commission

Dated:  August 26, 2021